Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MONICA VELEZ RODRIGUEZ, et.als.  Parte Apelante  v.  ASOCIACION DE PROPIETARIOS DEL CONDOMINIO EL EMBAJADOR, COMPAÑIA ASEGURADORA, JOHN DOE  Parte Apelada | TA2026AP00425 | *APELACIÓN* Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Caso núm.: PO2025CV03187  Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de junio de 2026.

El 27 de abril de 2026, la señora Mónica Vélez Rodríguez, por sí y en representación de su hija la menor S.V.V. (la parte apelante) presentó una *Apelación civil* en la que solicitó que revoquemos la Sentencia emitida y notificada el 30 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario).[1]

En el aludido dictamen, el foro primario declaró Ha Lugar la *Moción de desestimación* radicada por la Asociación de Propietarios del Condominio El Embajador, Compañía Aseguradora, John Doe (la parte apelada).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

---

[1] Entrada núm. 16 del caso núm. PO2025CV03187 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

## I.

El caso de epígrafe tuvo su origen el 6 de noviembre de 2025, cuando la parte apelante instó una *Demanda* en la que sostuvo que, reside en El Condominio El Embajador, el cual está sometido al régimen de propiedad horizontal.[2] Tras unas lluvias intensas, el 16 de junio de 2025, la parte apelante adujo que, notó una filtración en su techo del apartamento. Ante ello, la parte apelante le notificó a la parte apelada sobre la filtración. Arguyó que, la parte apelada examinó el techo y le informó a la parte apelante que las filtraciones se debieron como consecuencia de una construcción de una antena de T-Mobile. Así las cosas, el 3 de septiembre de 2025, la parte apelante le cursó una comunicación a la parte apelada en la que le informó que, el apartamento continuaba sufriendo filtraciones y, por tanto, solicitó que la aseguradora del condominio respondiera. Indicó que, la parte apelada le informó que se debía sellar esa área del techo tras una inspección de un ingeniero y, consecuentemente, se comunicó con la compañía T-Mobile para que respondiera. Tras diversas comunicaciones en la que le reclamó a la parte apelada sobre las filtraciones, la parte apelante solicitó ante el TPI la suma de $25,000.00 en concepto de daños y perjuicios ocasionados por las filtraciones en su hogar.

En respuesta, el 4 de febrero de 2026, la parte apelada presentó una *Moción solicitando la desestimación por falta de jurisdicción* en la que solicitó al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 10.2, el TPI desestimara la causa de acción tras carecer de jurisdicción sobre la materia.[3] Argumentó que, el Departamento de Asuntos del Consumidor (DACo) es quien posee jurisdicción para atender las acciones u omisiones de la Junta de Directores conforme el Art. 65 de la *Ley de*

---

[2] Entrada núm. 1 del caso núm. PO2025CV03187 en el SUMAC.

[3] Entrada núm. 6 del caso núm. PO2025CV03187 en el SUMAC.

*Condominios de Puerto Rico* (en adelante, *Ley de Condominios*), Ley Núm. 129-2020, 31 LPRA sec. 1923j. Por tanto, solicitó que el foro primario desestimara el pleito.

En respuesta, el 5 de marzo de 2026, la parte apelante radicó una *Oposición a moción solicitando la desestimación por falta de jurisdicción* en la que ripostó que, el foro primario tiene jurisdicción para atender su reclamo puesto que versa sobre una acción de daños y perjuicios.[4] Cónsono con lo anterior, alegó que el DACo no tenía jurisdicción para conceder un remedio sobre daños y perjuicios. Asimismo, sostuvo que, la controversia no era sobre las circunstancias establecidas en el Art. 65 de la *Ley de Condominios*, *supra* sec. 1923j. Por ende, concluyó que, no procedía la desestimación del pleito.

Tras diversos incidentes procesales, el 30 de marzo de 2026, *foro a quo* emitió y notificó una *Sentencia* en la que resolvió que, el DACo es el foro con jurisdicción primaria para atender los planteamientos de la parte apelante. El TPI razonó que, en virtud del Art. 65 de la *Ley de Condominios*, *supra* sec. 1923j, le confiere al DACo jurisdicción para auscultar las impugnaciones relacionadas a las acciones u omisiones de la Junta de Directores y su agente administrador. Además, razonó que, debido a que el reclamo surge sobre el régimen de propiedad horizontal, el foro con jurisdicción primaria sobre ello es el DACo. Consecuentemente, al palio de la Regla 10.2 de Procedimiento Civil, *supra*, el *foro a quo* desestimó la causa de acción.

Insatisfecha, el 13 de abril de 2026, la parte apelante instó una *Moción de reconsideración* en la que enfatizó que, el pleito no versa sobre las acciones u omisiones de la Junta de Directores o un agente administrador dado que su reclamo es acerca de los daños y

---

[4] Entrada núm. 10 del caso núm. PO2025CV03187 en el SUMAC.

perjuicios que le ha ocasionado las filtraciones.[5] Asimismo, insistió que, el foro primario era el foro facultado para atender una reclamación acerca de daños y perjuicios. Por tanto, solicitó que el TPI reconsiderara el dictamen.

El 13 de abril de 2026, el foro primario emitió y notificó una *Resolución* en la que declaró No Ha Lugar la *Moción de reconsideración*.[6]

Inconforme, el 27 de abril de 2026, la parte apelante presentó un recurso de *Apelación civil* en la que formuló el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al declararse sin jurisdicción sobre la materia en un caso de daños y perjuicios bajo el Artículo 1541 (b) del Código Civil de Puerto Rico y aplicar el Artículo 65 de la Ley de Condominios a unos hechos que no cualifican para la aplicación de dicho artículo.

En cumplimiento con nuestra *Resolución*, el 27 de mayo de 2026, la parte apelada instó un *Alegato de la parte apelada*.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nuestra consideración.

## II.

### A.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco*, *supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del

---

[5] Entrada núm. 18 del caso núm. PO2025CV03187 en el SUMAC.
[6] Entrada núm. 19 del caso núm. PO2025CV03187 en el SUMAC.

Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo, supra,* pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo, supra,* pág. 883.

Los Tribunales de Puerto Rico tienen jurisdicción general y poseen autoridad para atender cualquier causa de acción que tenga una controversia adjudicable. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia,* 2025 TSPR 123; *Vázquez et al. v. DACo,* 2025 TSPR 56, 215 DPR ____ (2025). La jurisdicción sobre la materia es "capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico,* 204 DPR 89, 101 (2020). Esta capacidad puede ser limitada por el Estado en virtud de que puede otorgar o privar a un Tribunal de jurisdicción sobre la materia. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra,* pág. 101. La ausencia de jurisdicción da lugar a lo siguiente:

> "(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes *102 emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio".
> *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372–373 (2018).

Cuando un Tribunal carece de tener jurisdicción sobre la materia, puede declararlo y desestimar el caso. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra,* pág. 102; *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 909 (2012). Con ello, como parte de las doctrinas de autolimitación judicial se encuentra la doctrina de jurisdicción primaria. *Beltrán Cintrón v. Estado Libre Asociado de*

*Puerto Rico, supra,* pág. 102. Así la doctrina de jurisdicción primaria consiste en dos vertientes: jurisdicción primaria concurrente y la jurisdicción primaria exclusiva. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, pág. 102. Con respecto a la jurisdicción primara concurrente, versa "cuando la ley permite que la reclamación se inicie ya sea en la agencia o en el tribunal". *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, pág. 102; *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 709 (2014). Por otra parte, la jurisdicción primaria exclusiva es cuando un estatuto establece que "el foro administrativo tendrá jurisdicción inicial exclusiva para entender en la reclamación". *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, pág. 102; *Rodríguez Rivera v. De León Otaño, supra*, pág. 709. Dicho esto, la jurisdicción primaria concurrente está cimentada en cuanto a que el foro juridicial y el administrativo ostenta jurisdicción para atender la controversia, pero se cede la primacía a la agencia por su conocimiento especializado. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, pág. 103. Al momento de auscultar la jurisdicción, se debe evaluar si un estatuto provee o no jurisdicción exclusiva a una agencia administrativa. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, pág. 103.

**B.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 dispone que,

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) dejar de acumular una parte indispensable.

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 permite que un demandado solicite al Tribunal que desestime la demanda antes de contestarla cuando "es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmobiliaria Baleares, LLC v. Benabe González*, 214 DPR 1109, 1128 (2024); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La moción de desestimación procede cuando de las alegaciones de la demanda surge que "alguna defensa afirmativa derrotará la pretensión de la parte demandante". *Saint Mary Investments, LLC v. Denton Morales*, 2026 TSPR 35; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). La solicitud debe hacerse mediante una moción y tiene que estar fundamentada bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia o [la] persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1128; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022); *López García v. López García*, 200 DPR 50, 69 (2018). Ahora bien, las partes o el Tribunal motu proprio puede elevar el planteamiento de falta de jurisdicción sobre la materia y esta puede hacerse en cualquier etapa de los procedimientos. *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012).

Al momento de evaluar una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal tiene que tomar como cierto los hechos alegados en la demanda y considerarlo de la manera más favorable para el demandante. *Saint Mary Investments, LLC v. Denton Morales, supra; Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1129; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 396. Igualmente, se deben interpretar las alegaciones de forma conjunta y liberal. *Saint Mary Investments, LLC*

*v. Denton Morales, supra.* Para que un demandado prospere ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, tiene que demostrar que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiera probar en apoyo a su reclamación, aun interpretando de forma liberal la demanda. *Inmobiliaria Baleares, LLC v. Benabe González, supra,* págs. 1129-1130; *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 396. Es decir, el demandado tiene que demostrar que no tiene derecho a remedio alguno bajo cualquier estado de Derecho que pueda probarse en apoyo a su reclamación, aunque se interprete de forma favorable y liberal la demanda. *Saint Mary Investments, LLC v. Denton Morales, supra.* Ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal debe examinar si el demandante no tiene derecho a que se ventile el pleito, ya sea al amparo del remedio principal o el alternativo. *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 397. El estándar de adjudicación de una moción de desestimación, el Tribunal tiene el deber de tomar como cierto los hechos bien alegados en la demanda y que hayan sido aseverados de forma clara y concluyente. *Saint Mary Investments, LLC v. Denton Morales, supra; Eagle Security v. Efrón Dorado et al., supra,* pág. 84. Le corresponde al foro judicial determinar si, a base de esos hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523, 534 (2024), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 307; *Saint Mary Investments, LLC v. Denton Morales, supra.* Ahora bien, "una reclamación plausible que justifique la concesión de un remedio, no se debe extender a considerar si hay prueba que sustente las alegaciones de una demanda". *Saint Mary Investments, LLC v. Denton Morales, supra.* Si

el foro primario resuelve que la demanda no cumple con estándar de plausabilidad, el tribunal debe desestimar la demanda y no permitir que una demanda "insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusorias". Hernández Colón, *op. cit*, pág. 307.

### C.

El Art. 2 de la *Ley de Condominios de Puerto Rico* (en adelante, *Ley de Condominios*), Ley Núm. 129-2020, 31 LPRA sec. 1921a, establece que, la ley se aprobó con el propósito, entre otros, de viabilizar la propiedad individual sobre un apartamento, que forma parte de un edificio o inmueble sometido al Régimen de Propiedad Horizontal. La *Ley de Condominios* provee mecanismos para los conflictos inevitables que surgen del *modus vivendi* bajo un régimen de propiedad horizontal. *Srio. D.A.C.O.* v. *J. Condóminos C. Martí*, 121 DPR 807, 814 (1988). Asimismo, otro propósito que tiene la ley es la creación de un marco organizacional de un gobierno interno y canalizar los problemas de la vida comunitaria. *Íd.*, pág. 815. La ley detalla el marco organizacional del gobierno interno, cuyo organismo rector y deliberativo es el Consejo de Titulares que a su vez rige, según la Ley de Propiedad Horizontal, la escritura matriz y el reglamento. *Íd.*

De otra parte, la Junta de Directores es el órgano ejecutivo que dirige (o la persona, en caso del Director), y supervisa la gestión administrativa del edificio de acuerdo a las directrices contenidas en la escritura, en el Reglamento y en los acuerdos del Consejo de Titulares. M. J. Godreau, *El condominio: el régimen de propiedad horizontal en Puerto Rico*, 3era ed., San Juan, PR, Ediciones SITUM, 2023, pág. 235. La responsabilidad fundamental de la Junta de Directores es velar por el buen funcionamiento de los condominios logrando que se ejecuten las disposiciones de la ley, de la Escritura Matriz, del Reglamento del Condominio, así como los acuerdos que

se hayan aprobado en reuniones debidamente convocadas por el Consejo de Titulares. *Consejo de Titulares* v. *Gómez Estremera et al.*, 184 DPR 407, 418 (2012). Parte de las funciones del Consejo de Titulares es velar por el mantenimiento de los techos que es un elemento común general. *Consejo de Titulares Cond. McKinley v. Rullán*, 126 DPR 387 (1990). Ello, el Consejo de Titulares es el responsable de la conservación y reparación de los techos al ser un elemento común. M. Godreau, *El condominio: El régimen de propiedad horizontal*, 2a ed., San Juan, Ed. Situm, 2019, págs.163-166.

La *Ley de Condominios* le encomendó a DACo la rápida adjudicación de reclamos de los condómines relativos a la administración del edificio. *Consejo de Titulares* v. *Gómez Estremera et al.*, supra, pág. 420. Se puede presentar ante DACo, las acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda. *Amil v. J. Dir. Cond. Pumarada*, 156 DPR 495, 500 (2002).

El Artículo 65 de la *Ley de Condominios*, 31 LPRA sec. 1923j, dispone un término para impugnar las acciones de la Junta de Directores y determinaciones del Consejo de Titulares. Dicho artículo expresa que:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> (a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
>
> (b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> (c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.
>
> Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.
>
> En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.
>
> (...)

El término para ejercer la impugnación dependerá del supuesto bajo el que se presente. Si se trata de una impugnación de acuerdos, acciones u omisiones que constituyan una violación a la *Ley de Condominios*, *supra*, la acción prescribirá a los dos (2) años. Cónsono con lo anterior, la Regla 23 del *Reglamento de Condominios*, Reglamento Núm. 9386, pág. 19 (Reglamento Núm. 9386) establece que:

> Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:
> (a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
> (b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
> (c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

El DACo es el organismo administrativo con jurisdicción exclusiva que puede atender los problemas que surjan en un

condominio sometido al régimen de propiedad horizontal. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia, supra.* Particularmente, el DACo ostenta jurisdicción para adjudicar las controversias suscitadas por las acciones u omisiones de la Junta de un condominio y los actos que no son de índole personal que trascienden los intereses privados y personales. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia, supra.* Es norma reiterada que, el Poder Legislativo le encomendó al DACo jurisdicción para "únicamente atender las querellas presentadas por los titulares de condominios residenciales en contra de la Junta de Directores, el Agente Administrador o el Consejo de Titulares, según lo dispuesto por la Ley." *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia, supra*; *Vázquez et al. v. DACo, supra.*

### III.

En el caso de epígrafe, la parte apelante argumentó que, el TPI erró en declararse sin jurisdicción para atender su reclamo, toda vez que, el foro con facultad para conceder remedios sobre daños y perjuicios es el *foro a quo* y no el DACo. Ello, en virtud de que la causa de acción no versaba sobre las acciones u omisiones de la Junta de Directores.

Bajo el crisol doctrinario, los foros judiciales ostentan jurisdicción general para atender casos o controversias en las que tengan jurisdicción sobre ello. Al respecto, nuestro ordenamiento jurídico establece que hay unas doctrinas de autolimitación judicial que los foros judiciales debemos evaluar en aras de determinar si tenemos jurisdicción para intervenir. Con ello, una de las doctrinas de autolimitación judicial es la doctrina de jurisdicción primaria exclusiva. Dicha doctrina, permea que, cuando el Poder Legislativo le encomienda a un organismo administrativo jurisdicción exclusiva sobre un asunto, priva a los foros judiciales sobre el asunto legislado. Por otro lado, la jurisdicción primaria concurrente es

aplicable cuando tanto el foro judicial como una agencia administrativa ostentan jurisdicción para atender la controversia. Sin embargo, aunque ambos foros estén facultados jurisdiccionalmente para atender el asunto, se cede la primacía a la agencia por su conocimiento especializado y conocimiento sobre el asunto por el que se reclama. Cónsono con lo anterior, el Art. 65 de la Ley de Condominios, *supra* sec. 1923j, le encomendó al DACo ser el foro con jurisdicción primaria exclusiva para evaluar un reclamo de un titular sobre las acciones u omisiones en las que incurra la Junta de Directores o un agente administrador, siempre y cuando el titular sea dueño en calidad de residente. Empero, cuando el apartamento sea destinado para uso comercial, el foro primario es quien tiene jurisdicción primaria exclusiva.

Por otro lado, y en lo pertinente a la controversia, ante una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, las alegaciones contenidas en la *Demanda* deben interpretarse de la forma más beneficiosa. De lo contrario, si estas no justifican la concesión del remedio solicitado, procede la desestimación de la causa de acción conforme la Regla 10.2 de Procedimiento Civil, *supra*, R.10.2. En esa línea, cuando el foro primario carece de jurisdicción debe desestimar la causa de acción.

A tenor con lo establecido en la Regla 10.2 de Procedimiento Civil, *supra*, y la normativa aplicable, resolvemos que no concurrimos con el dictamen apelado toda vez que, estamos ante un asunto en el que tanto la agencia administrativa como el foro judicial ostentan jurisdicción. De un examen de las alegaciones contenidas en la *Demanda*, surge que, la apelante está exigiendo ser indemnizada en concepto de daños y perjuicios a consecuencia de unas filtraciones en su techo. Es decir, la señora Vélez Rodríguez no está impugnando una omisión o una acción de la parte recurrida,

tampoco está cuestionando alguna acción de la parte recurrida que haya sido sujeto de una asamblea, sino que está solicitando ser indemnizada en concepto de daños y perjuicios tras su apartamento sufrir daños por unas filtraciones que no fueron atendidas. Se desprende expresamente en el Art. 65 de la *Ley de Condominios*, *supra* sec. 1923j, que el DACo es el foro con jurisdicción primaria exclusiva <u>para atender las acciones u omisiones de la Junta de Directores cuando sea un titular que ha destinado el apartamento para uso residencial,</u> en las circunstancias delineadas en el citado artículo. Ante ello, de un examen de la legislación aplicable denotamos que, estatutariamente la *Ley de Condominios, supra* le confirió jurisdicción primaria exclusiva al DACo para atender las acciones u omisiones de los residentes de un condominio destinado al uso residencial. No obstante, el citado estatuto no veda al TPI de atender una acción sobre daños y perjuicios, tal como el caso de autos. Particularmente, el asunto en controversia no surge a raíz de algún acto u omisión que haya sido sujeto de una asamblea celebrada por la parte recurrida, ni una violación a la Ley de Condominios, *supra*, escritura matriz o reglamento. Ello, toda vez que, la apelante solicita ser indemnizada tras su apartamento sufrir daños por unas filtraciones en su techo. A esos efectos, la *Ley de Condominios, supra*, no priva expresamente a los foros judiciales de atender el reclamo de un titular que busca ser indemnizado tras sufrir daños perpetuados por la Junta de Directores. Distinto es, cuando un titular quiere cuestionar una acción u omisión de la Junta de Directores, la cual el DACo ostenta jurisdicción primaria exclusiva sobre ello. Cimentados en el principio de la economía procesal, con tal de evitar que la apelante presente múltiples acciones[7]; resolvemos que, tanto el DACo como el TPI son foros con

---

[7] *López Valdés v. Tribunal Superior*, 96 DPR 779, 792 (1968); *Vives Vázquez v. ELA*, 142 DPR 117 (1996).

jurisdicción para resolver en los méritos el remedio solicitado por la apelante.

En vista de lo anterior, obedeciendo lo establecido en la doctrina de autolimitación judicial, el foro primario no actuó correctamente en desestimar el pleito por carecer de jurisdicción. Ello, debido a que el TPI tiene jurisdicción para atender una acción sobre daños y perjuicios cuando un titular busca ser indemnizado ante los daños que le pudo haber ocasionado la Junta de Directores.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada y se devuelve el caso al foro primario para la continuación de los procedimientos conforme lo aquí resuelto.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones